UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA

        -against-

JOHN CARTAGENA

              Defendant.

------------------------------------X

10 Cr. 222-2

OPINION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/20/12

**Sweet, D.J.**

        Defendant John Cartagena ("Cartagena" or the "Defendant") has moved for reconsideration of the denial of the Defendant's motion for a judgment of acquittal, pursuant to Rule 29 of the Federal Rules of Criminal Procedure, or, in the alternative, for a new trial, pursuant to Rule 33. Defendant also requests that the court appoint new counsel.

        For the reasons set forth below, the Defendant's motion for reconsideration is denied and the request for new counsel is granted.

## Prior Proceedings

On October 19, 2010, Defendant Cartagena and a co-defendant Morillo-Vidal ("Morillo-Vidal") (collectively, the "Defendants") were charged by grand jury in a three count Indictment, S2 10 Cr. 222 (RWS). Count One charged Cartagena with participating in a conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. Count Two charged Morillo-Vidal with attempting to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846. Count Three charged Cartagena with possessing with the intent to distribute cocaine, in violation of 21, U.S.C. § 841(b)(1)(A).

On November 29, 2010, the trial commenced. At trial, with regard to Cartagena, the Government presented the testimony of a number of witnesses including James Seyfried ("Seyfried"), a co-conspirator of Cartagena's and a cooperating witness; Cory Townsend, a Trooper with the Nebraska State Patrol; and New York Police Department Detective William Hotchkiss and DEA Special Agent Thomas Throne ("Agent Throne") concerning Cartagena's post-arrest statements. In addition, at trial, the Government presented physical and documentary evidence, including approximately 67 kilograms of cocaine, latex gloves, as well as various phones, tools, and documents.

At the close of the Government's case, counsel for the Defendants moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(a). (Tr. 770:20-771:5.) The Court denied the Defendants' motions. (Tr. 771:8)

On December 7, 2010, the jury returned a guilty verdict on Counts One, Two and Three (Tr. 777:12-778:25) and found that the amount of drugs at issue for each count was more than 5 kilograms of cocaine (Tr. 777:20-778:24).

On January 7, 2011, the Defendants filed motions for a judgment of acquittal or a new trial under Rules 29 and 33. Those motions were heard on March 31, 2011. On April 19, 2011, the Court denied those motions.

In a letter posted May 9, 2011, Cartagena filed a pro se motion seeking reconsideration of the denial of his motion under Rules 29 and 33 of the Federal Rules of Criminal Procedure. In an opinion dated September 6, 2011, this Court denied the motion.

In a letter dated November 25, 2011, Cartagena filed a letter to supplement his previous motion and filed a second pro

se motion seeking reconsideration of the denial of his motion under Rules 29 and 33 of the Federal Rules of Criminal Procedure.

**The Applicable Standard**

Although there is no specific rule, either in the Federal Rules of Criminal Procedure or in this district's local criminal rules that provide for the reconsideration of a ruling in a criminal matter, courts in this district allow such motions, applying the applicable Local Civil Rule and its accompanying case law. See, e.g., United States v. Berger, 188 F. Supp. 2d 307, 338 (S.D.N.Y. 2002).[1] These motions provide "court[s] with an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law or prevent manifest injustice." U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd., 182 F.R.D. 97, 100 (S.D.N.Y. 1998) (citations omitted).

To prevail on a motion for reconsideration under Local Civil Rule 6.3, "'the moving party must demonstrate controlling law or factual matters put before the court on the underlying

---

[1] Under Local Civil Rule 6.3, motions for reconsideration "shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." While Cartagena filed the instant motion after that period, that technical defect alone does not warrant dismissal here.

motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision.'" Word v. Croce, No. 01 Civ. 9614, 2004 WL 434038, at *2 (S.D.N.Y. March 9, 2004) (quoting Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y 2003)); see also Williams v. New York City Dep't of Corr., 219 F.R.D. 78, 83 (S.D.N.Y. 2003). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Borochoff v. GlaxoSmithKline PLC, No. 07 Civ. 5574, 2008 WL 3466400, at *1 (S.D.N.Y. Aug. 12, 2008) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F .2d 1245, 1255 (2d Cir. 1992)).

"Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Montanile v. Nat'l Broad. Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002) (quoting In re Health Mgmt. Sys. Inc. Secs. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y.2000)). Accordingly, the standard of review applicable to such a motion is "strict." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

The burden is on the movant to demonstrate that the Court overlooked controlling decisions or material facts that were before it on the original motion, and that might "'materially have influenced its earlier decision.'" Anglo Am. Ins. Group v. CalFed, Inc., 940 F. Supp. 554, 557 (S.D.N.Y. 1996) (quoting Morser v. AT & T Information Systems, 715 F. Supp. 516, 517 (S.D.N.Y. 1989)). A party seeking reconsideration may neither repeat "arguments already briefed, considered and decided," nor "advance new facts, issues or arguments not previously presented to the Court." Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990) (citations omitted). Rather, he must "point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader, 70 F.3d at 257 (citations omitted).

Rule 29(c) of the Criminal Rules of Federal Procedure provides that a court may set aside a jury verdict and enter a judgment of acquittal when "the evidence is insufficient to sustain a conviction." Fed. R. Cr. P. 29(c). A defendant challenging the sufficiency of the evidence supporting his conviction "'bears a heavy burden.'" United States v. Jackson, 335 F.3d 170, 180 (2d Cir. 2003) (quoting United States v. Finley, 245 F.3d 199, 202 (2d Cir. 2001)). In reviewing the

sufficiency of the evidence, the court "view[s] the evidence presented in the light most favorable to the government and draw[s] all reasonable inferences in the government's favor." United States v. Autuori, 212 F.3d 105, 114 (2d Cir. 2000). In addition, evidence must be considered "in its totality, not in isolation," id., and the court will "'defer to the jury's determination of the weight of the evidence and the credibility of the witnesses, and to the jury's choice of the competing inferences that can be drawn from the evidence.'" United States v. Dhinsa, 243 F.3d 635, 648 (2d Cir. 2001) (quoting United States v. Morrison, 153 F.3d 34, 49 (2d Cir. 1998)). The jury verdict must be upheld if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Dhinsa, 243 F.3d at 649 (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)); see also United States v. Cassese, 428 F.3d 92, 98 (2d Cir. 2005).

Rule 33 states that a court may grant a defendant's request for a new trial "if the interest of justice so requires." Fed. R. Cr. P. 33. A district court "has broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29, but it nonetheless must exercise the Rule 33 authority 'sparingly' and only in 'the most extraordinary circumstances.'" United States v. Ferguson, 246

F.3d 129, 134 (2d Cir. 2001) (quoting United States v. Sanchez, 969 F.2d 1409, 1414 (2d Cir. 1992)); United States v. Triumph Capital Grp., Inc., 544 F.3d 149, 159 (2d Cir. 2008). Because the courts generally must defer to the jury's resolution of conflicting evidence and assessment of witness credibility, "[i]t is only where exceptional circumstances can be demonstrated that the trial judge may intrude upon the jury function of credibility assessment." Sanchez, 969 F.3d at 1414. "The ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be manifest injustice . . . . There must be a real concern that an innocent person may have been convicted." Ferguson, 246 F.3d at 134. The trial court must be satisfied that "competent, satisfactory and sufficient evidence" in the record supports the jury verdict. Sanchez, 969 F.2d at 1414.

**Discussion**

Having reviewed Cartagena's November 25, 2011 letter and the Government's response, the Court concludes that the Defendant has failed to demonstrate that, in ruling upon his original motion, the Court overlooked any facts presented or applicable case law.

Here, four arguments form the basis for Cartagena's motion. Defendant argues that (1) the Government failed to produce "exculpatory recorded statements" made by Seyfried while he and the Defendant were detained in Nebraska; (2) the Government failed to produce notes from the Drug Enforcement Administration's ("DEA") Agent Throne; (3) his counsel "failed to move to suppress the evidence"; and that (4) Seyfried was acting as a confidential informant for the DEA and should not have been allowed to bring the Defendant into a conspiracy or to testify against him.

With regard to Defendant's first three arguments, the Defendant contends that while he was "detained by officials in Nebraska, video footage of [the] defendant in an interview room with four or five officers and co-defendant turned C.I., Mr. Seyfried, hold exculpatory recorded statements made by Seyfried in the presence of the officers and shows with clarity the innocence of [the] defendant. Such Brady evidence should be turned over." (Def. Motion at 1). In addition, the Defendant argues that "[t]he notes taken by D.E.A. Thomas Throne from his interview of James Seyfried are believed to contain exculpatory statements made by Seyfried and should have been turned over as per 'Brady' Discovery Disclosure by the government." (Id.).

All available video footage concerning the defendant while in the custody of the Nebraska State Patrol was produced to the Defendant prior to trial. The Government specifically informed defense counsel that no such video exists, but that a summary of the Defendant's statements were available and prepared. These statements were produced to counsel, but the Government agreed not to introduce these statements at trial. Because the Government informed Defendant's counsel that it was not going to introduce them, counsel did not move to suppress these statements.

Additionally, Agent Throne was called as a witness by the Government and all 3500 material concerning himself and Seyfried were produced to the Defendant prior to trial. Specifically, contrary to the Defendant's assertion, Agent Throne's reports and other DEA reports detailing interviews with Seyfried, were produced to the Defendant.

As this Court's September 13, 2011 Opinion noted, "because [Cartagena] and [James] Seyfried consented to a search of the motor home in which [the defendant] was arrested, there was no basis for [Cartagena's] counsel to seek suppression of the evidence seized from within the motor home." (September 13, 2011 Opinion at 7).

Lastly, the Defendant argues that Seyfried was acting as a confidential informant for the DEA, but he was not acting in that capacity at the time of his arrest. While Seyfried may have acted as a confidential informant in the past, he testified at trial, that he knowingly and unlawfully participated in the aforementioned drug conspiracy. He was not working for the DEA at the time he committed the instant offense with the Defendant and therefore allowed to enter into a conspiracy with the Defendant and testify against him.

In sum, Defendant has failed to show that the Court overlooked any controlling decisions or factual matters that were before it on the underlying motions, and has therefore failed to satisfy the standard of Local Civil Rule 6.3 or Rules 29 and 33 of the Federal Rules of Criminal Procedure.

## Conclusion

Based upon the conclusions set forth above, Defendant's motion for reconsideration is denied. Defendants request for new counsel has been granted and new counsel has been assigned.

It is so ordered.

New York, NY
July 18, 2012

_____
ROBERT W. SWEET
U.S.D.J.